*JUDGE GARDEPH LL*

Gregory G. Barnett
Patricia Maher
**CASEY & BARNETT LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff

01 CIV 1524

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GREAT WHITE FLEET LTD.,

      Plaintiff,

      - against -

2011 Civ.

**VERIFIED COMPLAINT**

MARUBA LINE d/b/a ALPHA SHIPPING LLC,

      Defendant.

-------------------------------------------------------------X

Plaintiff, GREAT WHITE FLEET LTD. (hereinafter "GWF"), by and through its attorneys, CASEY & BARNETT LLC, as and for its Verified Complaint against the MARUBA LINE d/b/a ALPHA SHIPPING LLC (hereinafter "Maruba"), respectfully alleges upon information and belief as follows:

**INTRODUCTION**

1.     This is an Admiralty claim concerning breach of contract, account stated, and quantum meruit, arising out of defendant Maruba's failure to pay for transportation services rendered by GWF on Maruba's behalf.

## JURISDICTION

2.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333(1), the General Maritime Law of the United States, and 28 U.S.C. §1332(a)(1).

## PARTIES

3.      At all material times, GWF was and is a corporation organized and existing by virtue of the laws of a state or country other than New York with an office and place of business at 7 Reid Street, Suite 109, P.O. Box 2181 Hamilton HMJX, Bermuda.

4.      Upon information and belief, at all material times, defendant Maruba was and is a corporation organized and existing by virtue of the laws of a state or country other than New York with an office and a place of business currently at 6500 NW 72 Avenue, Suite 200, Miami, Florida 33166, and owns, operates, manages and/or charters ships.

5.      This action is brought on behalf of and for the interest of all parties who may be or may become interested in the claims herein referred, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

6.      At all relevant times, GWF and Maruba were parties to an Ocean Space Charter Agreement ("Charter Party"), whereby GWF chartered space to Maruba for the ocean transportation of cargo.

7.      Between February 19, 2009 and February 4, 2010, inclusive, GWF at the specific instance, request and order of Maruba, and pursuant to the Charter Party, provided Maruba with space aboard its ocean vessels and provided transportation services (the "Services").

8.      In each instance, Maruba accepted the Services without complaint or exception and same were performed and provided by GWF.

9.      At and prior to GWF's performance of the Services, Maruba was apprised of and agreed to the rate(s) at which the Services were to be performed.

10.     During the Charter Party, and in connection with GWFs performance of the Services, numerous invoices, including but not limited to, invoice numbers 01990630, 0209120, 02104390, 02105100, 02107530, 02107520, 02112220, 02112210, 02114580, 02114600, 02114590, 02119080, 02119100, 02119110, 02171450 were issued to Maruba by GWF.

11.     Maruba shipped goods and earned freight, but failed to pay GWF.

12.     Despite repeated demands, Maruba has failed to pay the amounts owed to GWF arising from transportation services performed under the Charter Party.  These amounts remain due and owing, and have caused GWF to sustain damages totaling approximately $96,861.00.

## AS AND FOR A FIRST CAUSE OF ACTION:
## BREACH OF CONTRACT

13.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 12 inclusive, as if herein set forth at length.

14.     At all relevant times, GWF and Maruba were parties to the Charter Party.

15.     Between February 19, 2009 and February 4, 2010, inclusive, GWF, performed Services on Maruba's behalf under the Charter Party.

16.     The rates for the Services performed under the Charter Party were understood and agreed-to by Maruba in advance of GWF's performance of the Services.

17.     Maruba accepted the Services without complaint or exception.

18.     During the Charter Party, and in connection with GWFs performance of the Services, numerous invoices were issued to Maruba by GWF.

19.     Maruba, in breach of the Charter Party to which it voluntarily entered, and still having obtained the benefit of the Services, has refused and failed to pay for the Services despite due demand.

20.     The value of the Services rendered by plaintiff is $96,861.00.

21.     Plaintiff demands judgment in its favor against defendant in the sum of $96,861.00, plus interest, costs, disbursements, attorney fees, and such other and further relief as this Court may deem just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION: ACCOUNT STATED

22.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 21 inclusive, as if herein set forth at length.

23.     Maruba became indebted to GWF for the Services rendered.

24.     On various occasions, GWF, by way of invoices, made full and true accounts of each instance of the Services rendered.  Each invoice accurately sets forth the full amount of the Services rendered to the defendant for the respective shipments and showed a balance due, the total of all in sum being $96,861.00.

25.     These invoices were delivered to, accepted by, and retained by Maruba without objection within a reasonable time after each invoice was received.

26.     On or about August 13, 2010, GWF issued to Maruba a full and true account summarizing these transactions stating a total balance due on Maruba's account of $96,861.00.

27.     No part of the amount due has been paid and there is now due from Maruba to GWF the sum of $96,861.00, pursuant to the account.

28.     GWF demands judgment in its favor against Maruba in the sum of $96,861.00, plus interest, costs, disbursements, attorney fees, and such other and further relief as this Court may deem just and proper.

## AS FOR A THIRD CAUSE OF ACTION:
## QUANTUM MERUIT

29.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 24 inclusive, as if herein set forth at length.

30.     GWF rendered, and Maruba accepted, Services under the Charter Party.

31.     The reasonable value of the Services performed by GWF on Maruba's behalf is $96,861.00.

32.     Maruba earned freight in excess of $96,861.00.

33.     No part of this sum has been paid, although payment has been duly demanded.

34.     Maruba was unjustly enriched at GWF's expense by its acceptance of GWF's Services without payment therefor.

35.     GWF demands judgment in its favor against Maruba in the sum of $96,861.00, plus interest, costs, disbursements, attorney fees, and such other and further relief as this Court may deem just and proper.


**WHEREFORE**, Plaintiff prays:

1.     That process in due form of law issue and against the defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

2.     That the Court order, adjudge and decree that defendant pay to plaintiff the losses sustained herein, together with pre-judgment and post-judgment interest thereon and their costs; and,

3.      That the plaintiff be granted such other and further relief as the Court

deems just and proper.


Dated: New York, New York            **CASEY & BARNETT LLC**
      March 7, 2011                 Attorneys for Great White Fleet Ltd.
      153-53
                                   By:

                                   Gregory G. Barnett
                                   Patricia Maher
                                   65 West 36th Street, 9th Floor
                                   New York, New York 10018
                                   (212) 286-0225

## ATTORNEY'S VERIFICATION

State of New York   )
                  )    ss:
County of New York  )

1.     My name is Gregory G. Barnett.

2.     I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.     I am an attorney in the firm of Casey & Barnett, LLC, as attorneys for the plaintiff.

4.     I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.     The reason why this Verification is being made by the deponent and not by the plaintiff is that the plaintiff is a business organization with no officers or directors now within this District.

6.     The source of my knowledge and the grounds for my belief are the statements made and the documents, and information, received from the plaintiff and agents and/or representatives of the plaintiff.

Dated: New York, New York
       March 7, 2011
       153-53

Gregory G. Barnett